RANDAL B. LEWIS, EXECUTOR, ETC., PLAINTIFF, v. FRED
E. HARTMANN ET AL., DEFENDANTS.

Submitted October 12, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.
For the plaintiff, *Randal B. Lewis.*
For the defendants, *Addison P. Rosenkrans.*

PER CURIAM.

This is a suit on a promissory note found among the
effects of plaintiff's testator after his death. The plaintiff
had a verdict for the amount of the note with interest, and
this verdict is challenged on the sole ground that it is against
the weight of evidence. The defense was, in substance, that
the note was without consideration moving to the defendant
and was given merely for the accommodation of Weber, the
deceased, to the end that he might be able to discount it and
raise money thereon.

The precise language of the note is material, and the
following is a copy thereof:
"$5,000                                          MAY 8th, 1926.

Six months after date I promise to pay to the order of
George J. Weber, five thousand and 00/100 dollars at Progres-
sive Sand and Gravel Co., East Fifth St., Fairlawn, N. J.

Value received with interest.

[Signed] FRED E. HARTMANN."

This note had the outside endorsement of one Herman T. Backhus, who was joined as a defendant in the suit, but as to whom there was a nonsuit, as it was admitted for the plaintiff that notice of non-payment could not be proved. The case made for the defendant Hartmann was that the note had been given by him for the accommodation of Weber, who wished to buy some stock on margin, and although in comfortable circumstances needed the money for that purpose.

In dealing with this defense it is well to consider the circumstances pointed out in the brief for the plaintiff, tending to show that the note is very unusual in form and characteristics for a note intended to be discounted. In the first place it is to run for six months, and it is common knowledge that banks do not usually discount for that period. In the second place it bears interest, which is also unusual for such a note, and in the third place, instead of being made payable at a bank it is made payable at the office of a private corporation in which, as will be seen, all the parties were interested.

As opposed to the defense of accommodation paper, it was shown without substantial dispute that late in April of 1926, and shortly before this note was made, Weber, Hartmann and Backhus were interested as stockholders in the Progressive Sand and Gravel Company; that Backhus had one hundred shares, Weber one hundred and thirty-eight and Hartmann fifty. It was proposed that all three should hold equally, and to that end Weber bought twelve more shares of treasury stock, making his holdings one hundred and fifty shares, and incidentally assisting the company which was short of money. Weber then transferred these twelve shares and thirty-eight shares of original holdings to Hartmann. The par value was $100, each making $5,000 par value. The note followed hard upon this transfer.

Defendant attempted to meet these facts by testimony of alleged statements made by Weber that he was making Hartmann a present of this $5,000 worth of stock in consideration of previous aid given him by Hartmann when he was

in a tight place. All this was left to the jury under proper instructions to which no exception was taken, and the jury found a verdict for the plaintiff.

We think the jury were fully justified in refusing to believe that the note was made for the purpose of mere discount for the accommodation of Weber; and if the jury disbelieved that the defense collapses, for the presumption remains in full force that the note was given for some definite purpose, and the explanation about the deal in the sand company stock is entirely plausible.

The rule to show cause will therefore be discharged.